## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

BRAD ROBERTSON                                                                 PLAINTIFF

V.                          No. 3:19CV00312-DPM-JTR

MAPES, Warden, NEACCC                                                        DEFENDANT

## INITIAL ORDER FOR *PRO SE* PRISONERS

You and Nathan Zachary McMullan have filed a single civil rights complaint that was severed into two separate lawsuits. This is the case number for *your* lawsuit. You are proceeding *pro se*, which means, without a lawyer. Nevertheless, there are rules and procedures that you must follow in order to proceed with your lawsuit.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. In particular, Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second: The Three Strikes Rule.** The Prison Litigation Reform Act, 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**Third: Service of Defendants.** All Defendants must be served within 90 days of the filing of the Complaint. This includes "John/Jane Doe" Defendants. It is your responsibility to identify all Defendants, including "Doe" Defendants. The Court will order service on all properly identified Defendants, but you are responsible for providing valid service addresses for each of them. Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit. *See* Fed. R. Civ. P. 4(m); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). **Service is not appropriate at this time.**

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). If your case proceeds to a jury trial, however, a lawyer will be appointed to assist you.

**Fifth: Do Not File Discovery.** Discovery requests (such as interrogatories and requests for production of documents) and responses to discovery requests cannot be filed with the Court. Instead, you must mail discovery requests and responses directly to counsel for the Defendant. *See* Fed. R. Civ. P. 5(d). Do not mail discovery requests to Defendants' counsel until after he or she has filed an Answer or Motion to Dismiss.

**Sixth: Do Not Send Documents to the Court, Except in Two Situations.** You may send documents or other evidence to the Court only if: (1) it is attached to a Motion for Summary Judgment, or a Response thereto; or (2) the Court orders you to file documents or other evidence.

**Seventh: Filing Fee.** *Every civil case filed by a prisoner requires the plaintiff to pay a filing fee.* 28 U.S.C. § 1915. A $400 filing fee must be paid at the beginning of the lawsuit unless the plaintiff cannot afford to pay the entire fee at once. If you cannot afford to pay the filing fee in a lump sum, you may file a motion to proceed *in forma pauperis* ("IFP motion"). If you are granted IFP status, the filing fee is $350, which will be collected in installments from your prisoner account. Importantly, the entire filing fee will be collected, even if your lawsuit is dismissed.

You have not paid the $400 filing fee or filed an IFP motion *for your case*. The Clerk will be directed to send you a prisoner IFP application, along with an

institutional trust fund account statement. **You will be given until December 6, 2019 to either: (1) pay the $400 filing fee for your case; _or_ (2) file an IFP motion.** If you file an IFP motion, you must have an authorized jail official complete and sign the trust fund account statement and certificate.

**Eighth: Signature.** *You did not sign the § 1983 Complaint.* See Fed. R. Civ. P. 11(a) (a *pro se* litigant must sign every pleading and motion and a court "must strike an unsigned paper unless the omission is promptly corrected"). You will be given until **December 6, 2019** to correct this deficiency.

**Ninth: Screening.** After the filing fee and signature issues are resolved, the Court will screen your Complaint,[1] determine whether service is appropriate, and, if necessary, direct Defendant to respond.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff an IFP application, along with a copy of this Order.

2. **Plaintiff is ordered to: (a) complete and sign the IFP application; (b) have an authorized jail/prison official complete and sign the trust fund account statement and certificate; and (c) return all forms to the Clerk on or before December 6, 2019.**

3. The Clerk is directed to send Plaintiff a copy of the Complaint (*Doc. 1*). **Plaintiff is ordered to sign and date the signature page (page 5) where indicated and return the signed Complaint to the Clerk on or before December 6, 2019.**

4. If Plaintiff does not fully and timely comply with the instructions in this Order, his case will be dismissed without prejudice, pursuant to Local Rule 5.5(c)(2).

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

DATED this 6th day of November, 2019.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE